UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES ENDRESS,

    Petitioner,

v.                                           Case No. 8:09-cv-1696-T-17TGW

SECRETARY DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## **ORDER**

This cause is before the Court on a petition for writ of habeas corpus filed by Petitioner, James Endress (DC# 091685), who is an inmate in the custody of the Florida Department of Corrections currently serving a life sentence for First Degree Murder, Premeditated or Attempted. (Exh. A).

Endress challenges a disciplinary report (DR) for Trafficking in Drugs issued July 24, 2007. (Doc. No. 1 at 1-2) Endress challenges the sufficiency of the evidence by alleging that an officer's statement alone is insufficient evidence of guilt and that statements provided by others conflicted with the officer's statement. (Doc. No. 1 at 7-8) Endress requests this Court to have the Department expunge the DR from his institutional file. (Doc. 1 at 8)

## BACKGROUND

On July 24, 2007, Endress was issued a disciplinary report, log # 501-070569, for the infraction of Trafficking in Drugs, a violation of Rule 33-601.314 (3-4), Florida

Administrative Code ("F.A.C."). (Exh. B at DR) The disciplinary report written by Officer Spencer contained the following statement of facts:

> On July 24, 2007 at approximately 8:45 AM while assigned as inside grounds officer I, B. Spencer was entering the door to the recycling building when I observed inmate Endress, James DC# 091685 pass a folded up piece of white paper to inmate Spriggs, Bobby DC# 089213. Both inmates were standing inside recycling. Inmate Spriggs placed the piece of white paper in his back left pocket. I called Officer J. Sanchez on the radio and advised him of the situation. Neither of the two inmates ever left my sight. Officer Sanchez conducted a pat search of inmate Spriggs and found a small piece of white paper in his back left pocket which contained eight small pieces of a top tobacco package, each containing a green leafy substance. The substance was later tested and tested positive as THC. I also pat searched inmate Endress and no other contraband was found.

(Id.) On July 27, 2007, Endress received notice of the charge. (Id.)

After the disciplinary report was filed, prison staff conducted an investigation. (Exh.B at Investigative Report) The investigator interviewed Officer Spencer who confirmed the information he provided for the disciplinary report. (Id.) Endress provided a written statement that stated in pertinent part: "I know nothing about any drugs. I was walking out of recycle holding a work order I'd just received for the tool cart. Inmate Spriggs was coming in when I was leaving. I was handing him a peppermint. C/O Spencer did come by when I was leaving." (Exh. B at Witness Statement Form: Endress) The investigator also interviewed Officer Sanchez who stated in pertinent part:

> On 7/24/07 at approximately 8:45 am while assigned to inside security, I received information from C/O Spencer that inmate Endress, James #091685 handed something to inmate Spriggs, Bobby #089213. I conducted a pat search of inmate Spriggs. In his left back pocket I found (8) pieces of top packets that contained a green leafy substance. Tested positive for THC. Inmate Endress was searched and did not have any contraband in his possession at that time.

(Exh. B at Witness Statement Form: Sanchez)

- 2 -

Endress was given an opportunity to request witnesses and indicated that he wished to have inmate Bobby Spriggs as a witness. (Exh.B at Witness Disposition Form) The investigator obtained a written statement from inmate Spriggs that stated in pertinent part:

> I was running the weed eater on the mowing squad. I went to recycle to wash off the dirt. As I was entering recycle, I passed inmate Endress and he handed me a peppermint ball. I stuck it in my back pocket. I had a little package of weed in my pocket. Endress never knew it was there.

(Exh. B at Witness Statement Form: Spriggs) Endress was provided the opportunity to request Documentary or Physical Evidence and indicated that he did not have any evidence that he wished to be considered. (Exh. B at Documentary or Physical Evidence Disposition Form)

On July 31, 2007, Endress' disciplinary hearing was held. (Exh. B at Disciplinary Hearing Worksheet) At the hearing, Endress declined staff assistance and pled not guilty to the charge. (Id.) The disciplinary team found Endress guilty and noted as a basis for its decision:

> Based on reporting officer's observation that inmate Endress passed a folded up piece of white paper to inmate Spriggs, Bobby DC# 089213. Both inmates were standing inside recycling. Inmate Spriggs placed the piece of white paper in his back left pocket. A pat search was conducted on inmate Spriggs and found a small piece of white paper in his back left pocket which contained eight small pieces of a top tobacco package, each containing a green leafy substance which later tested to be THC.

(Id.) As a result of the disciplinary team's finding, Endress was assigned to 60 days in disciplinary confinement and lost 60 days of gain time. (Id.) Endress was provided a copy of the team's findings and was advised of his right to appeal. (Id.)

After submitting a formal grievance to the institution and a grievance appeal to the Bureau of Inmate Grievance Appeals, Endress exhausted his administrative remedies on

October 1, 2007, when the response to his final grievance appeal was filed with the agency clerk and mailed. (Exh. C at Response to Grievance 07-6-24543)

Endress began his state court remedies on October 19, 2007, when he filed his petition for writ of mandamus in the Leon County Circuit Court, case number: 2007-CA-3270. (Doc. 1 at 47) On April 2, 2008, the court entered an order denying extraordinary relief. (Doc. 1 at 66-69, Exh. D)

On or about May 1, 2008, Endress filed a petition for writ of certiorari in the First District Court of Appeal, case number 1D08-2173. (Doc. 1 at 18) On December 18, 2008, the First District Court of Appeal denied the petition on the merits. (Exh. D)

On March 13, 2009, Endress handed over the instant petition to prison officials for mailing. (Doc. 1 at 9) The petition is timely.

## Discussion

**Standard of review for habeas corpus petitions concerning gain time**.

Federal habeas relief cannot be granted unless the petitioner alleges that he has been deprived of some right secured to him by the United States Constitution or the laws of the United States. 28 U.S.C.A. § 2254(a). The Supreme Court in *Sandin v. Conner*, 515 U.S. 472 (1995), stated that in cases where good time credits have been revoked, an inmate's liberty interest requires only those due process considerations provided in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Wolff requires: (1) advance written notice of the disciplinary charge; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in defense; and (3)

a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 564-65.

Additionally, the decision to revoke a prisoner's good time credits is required to be supported by "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Id.* at 456. Only if the record is devoid of evidence, providing no support for a disciplinary board's decision, would a decision to revoke good time credits violate due process. *Id.* at 457.

Under habeas review, federal courts are to give state court decisions a presumption of correctness. 28 U.S.C. § 2254(e)(1). Endress has the burden of rebutting that presumption by clear and convincing evidence. *Id.*

**Endress was provided adequate due process**.

Pursuant to *Wolff*, Endress was provided all the process due to him during his disciplinary proceeding. Endress received advanced written notice of the charge against him on July 27, 2007, in advance of the July 31, 2007 hearing. (Exh. B) Endress was given the opportunity to submit a written witness statement of his version of the events which led to the DR. (Exh. B) Endress was given the opportunity to request witnesses and evidence

in his defense. (Exh. B) Finally, Endress was provided with a written statement by the fact finder detailing the reasons for the disciplinary action and the evidence on which the hearing team relied. (Exh. B)

**The disciplinary team's finding of guilt was based on sufficient evidence.**

Endress alleges that the finding of guilt was based solely on the reporting officer's observations and as such is insufficient to support a finding of guilt. (Doc. No. 1 at 7) Endress further alleges that the evidence is also insufficient because physical evidence was not presented and because statements provided by himself, Mr. Spriggs, and Officer Sanchez conflict with the charging officer's statement. (Doc. No. 1 at 7-8) The fact that an inmate admitted to a possession infraction would not have any bearing on whether or not Endress handed the inmate the drug wrapped in paper. Also, if Endress wanted physical evidence presented at his disciplinary hearing, he should have requested that evidence. However, when given the opportunity to request documentary or physical evidence, Endress indicated that he had no physical evidence that he wanted considered by the disciplinary team. (Exh. B) The disciplinary team found Endress guilty based on the reporting officer's observation that Endress passed a folded up piece of white paper to inmate Spriggs, Bobby DC# 089213. (Exh. B) After a pat search on inmate Spriggs, the Officer discovered a small piece of white paper in his back left pocket which contained eight small pieces of a top tobacco package, each containing a green leafy substance which later tested to be THC. (Exh. B) The hearing team's findings based upon the Officer's eyewitness written testimony is sufficient evidence to support the team's finding of guilt.

The quantum of evidence provided at the DR hearing meets the *Hill* "some evidence" standard. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. Federal courts do not have jurisdiction to relitigate de novo the determinations made in prison disciplinary hearings, including the fact-finder's resolution of factual disputes and credibility disputes between witnesses so long as there is some evidence in the record to support the fact-finder's decision. *Mullins v. Smith*, 14 F. Supp. 2d 1009 (Fla. 11th Cir. 1998). Furthermore, "[A] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). *See also Longstreth v. Franklin*, 240 Fed. Appx. 264, 267 (10th Cir. 2007) (stating that an incident report satisfies the "some evidence" requirement of *Hill)*; *Hrbek v. Nix*, 12 F.3d. 777, 781 (8th Cir. 1993) (stating that disciplinary actions may be taken based only on a guard's report, if found credible, even when there is substantial evidence to the contrary). The evidence presented was sufficient evidence from which to find Endress guilty of the infraction Trafficking in Drugs.

Accordingly, the Court orders:

That Petitioner Endress' petition is denied. The Clerk is directed to enter judgment against Endress and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to

appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 23, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
James Endress